IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Steven N. Eller, )<br>   )<br>            Plaintiff, )<br>   )<br>   v.   )<br>   )<br>Rita Marianni, Inc., et al., )<br>   )<br>            Defendants. )<br>   ) | Civil Action No. 1:06cv623 |

MEMORANDUM OPINION AND ORDER

This action arises out of the breakup of the business relationship (and friendship) between plaintiff Eller and defendant Fay, the president of defendant Rita Marianni, Inc., ("RMI"). Plaintiff sued in the Arlington County Circuit Court, and defendants removed the action to this court under 28 U.S.C. §§ 1441 and 1446 because this court has diversity jurisdiction under 28 U.S.C. § 1332. (Eller is a citizen of Maryland, Fay of Florida, RMI of Virginia and Florida.) Venue is proper under 28 U.S.C. § 1391(a)(2).

Plaintiff's complaint alleges two claims. In the first count he alleges that he is a stockholder in RMI and is entitled to dissolution of the corporation and other relief pursuant to Va. Code § 13.1-747. In the second count he alleges that defendant Fay breached his fiduciary duty to the corporation and to plaintiff as a stockholder, for which he claims compensatory damages. The parties agree that Virginia law governs their relationship.

These claims were tried by the court without a jury. This opinion constitutes the court's findings of fact and conclusions of law.

As usual in such disputes, people who were formerly close now have different recollections of the relationship and its demise, and as parties to this action they have asserted various issues of law for the court to consider. Because, as discussed below, plaintiff has not met his burden to prove he is a stockholder in RMI, few other matters require resolution by the court.

## RELEVANT FACTS

On or about December 10, 2003 defendant Fay incorporated RMI and became its sole stockholder, director and officer pursuant to Virginia law.  He intended to use RMI as the entity through which he would run a business selling ladies' handbags and other items.

Plaintiff and defendant Fay had been friends for several years prior to 2003.  At some time in late 2003 or early 2004 (Eller and Fay differ), the two men discussed an arrangement in which plaintiff would undertake certain responsibilities for managing certain aspects of the business.  The business, and the men's business relationship, evolved to the point where they were running the business together.  Plaintiff's involvement increased to the point where he devoted his full efforts to the business.  He lent it money and used his credit as guarantor of bank loans to the business.

At some point before April, 2004, defendant Fay discussed with plaintiff an arrangement in which plaintiff would become a fifty percent stockholder in RMI.  In April, 2004, defendant Fay instructed his attorney, Benjamin Pelton, to draft documents which if executed would accomplish that result.

Pelton prepared draft documents and sent them to plaintiff under cover of a letter dated October 14, 2004, that said:

> Dear Mr. Eller:
>
> Hope this letter finds you well.  Enclosed are draft copies of the corporate documents for Rita Marianni, Inc.
>
> Once you have reviewed the documents, please call me.  Thanking you, I remain
>
> > Very truly yours,
> > /s/
> > Benjamin D. Pelton

The package comprised (a) an "Organizational Written Action of the First Board of Directors," which recited offers from Eller and Fay to purchase 100 shares each; (b) bylaws; (c) a "Stockholders' Agreement," which included restrictions on alienation of stock, and provisions

for purchase or sale of stock by a dissatisfied stockholder; and (d) other miscellaneous forms used for corporate activities and governance.  *See* Pl.'s Ex. 9.

Plaintiff never contacted Pelton or defendant Fay to discuss these documents.  He put them aside when he received them (because of health problems, he testified).  He did not sign any of them, nor did defendant Fay.

Neither plaintiff nor defendant Fay testified that either of them ever mentioned these documents to each other again before their breakup.  Each of them did sign various documents, at various times, prepared by various people, as submissions to various government agencies, that identified them as holding various offices in RMI.  However, there was never any stockholders' meeting or written action in lieu of a meeting before the breakup, and no internal corporate formalities were ever observed.

By the end of 2005, the men's business relationship had deteriorated to the verge of collapse.  (Plaintiff and defendant Fay differ on why this occurred, and what events transpired, but those disputes are irrelevant.)  Then, on or about January 24, 2006, defendant Fay sent plaintiff an email stating that Fay was "going forward with the end of the business as a partnership."  Defendant Fay then took control of RMI's checking account and notified those with whom RMI did business that plaintiff did not have any authority to act for RMI.  Plaintiff then demanded in writing a special meeting of stockholders to hold elections and/or wind up the business. C. Jay Robbins, defendants' trial attorney, replied by letter on behalf of defendants denying that plaintiff was a stockholder, and informing him that a special stockholder's meeting would be held on April 24, 2006.  At that meeting, defendant Fay denied plaintiff any right to vote and, over plaintiff's objection, elected himself as director and president of RMI.

ANALYSIS

The relationship between plaintiff and defendant Fay was messy and potentially complex, but this case, as pled, is simple to resolve. The initial and ultimate key issue is whether plaintiff is a stockholder of RMI.[1]  The court finds that he is not.

Resolution of this issue is not governed by determination whether RMI stock would be a "certificated security" within the meaning of Va. Code § 8.8A-301, as defendants would have it. If Fay and Eller had reached a meeting of the minds and entered into an agreement that called for the issuance of stock certificates, a court sitting in equity might well hold that the certificates should be deemed issued. However, it is clear on this record, and the court finds, that plaintiff and defendant Fay never reached any agreement - - implicit, oral, or written - - about the necessary details of a structure for the corporation in which they would be stockholders. Benjamin Pelton's draft documents were clearly just that: drafts presented for consideration and discussion. Neither plaintiff nor defendant Fay ever discussed this further with Pelton or with each other. Neither signed them or did anything else to manifest objective agreement with their provisions.

Thus, while RMI existed as a chartered legal entity ready to be organized and used by its owner or owners to conduct a business, neither plaintiff nor defendant Fay ever actually took the next steps to breathe legal life into the corporation. They could have done so by agreeing to a set of documents such as those prepared by Pelton and signing them. *See* Va. Code §§ 13.1-623-624, 654-657. They did not. In their dealings with each other and with state and federal governments, they were in effect pretending to run a corporation that was nothing more than a charter and some annual reports.

The court accordingly finds that plaintiff is not, and never was, a stockholder in RMI. Because only a stockholder is entitled to the relief sought in either count of the complaint under

---

[1] Plaintiff's equitable argument, distilled to its essence, is that he *should* be a stockholder, and therefore should be treated by the court as if he were one. However, that issue is not before the court for decision on this record.

any circumstances, judgment must be entered for defendants Fay and RMI.  The clerk is directed to do so, and it is so ORDERED.

                                                         /s/  
                                         Thomas Rawles Jones, Jr.  
                                         United States Magistrate Judge

Alexandria, Virginia  
January 5, 2007